1

**BURSOR & FISHER, P.A.**
Sarah N. Westcot (State Bar No. 264916)

2

701 Brickell Avenue, Suite 2100
Miami, FL 33131

3

Telephone: (305) 330-5512
Facsimile: (305) 676-9006

4

E-mail: swestcot@bursor.com

5

**BURSOR & FISHER, P.A.**
Joshua R. Wilner (State Bar No. 353949)

6

1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596

7

Telephone: (925) 300-4455
Facsimile: (925) 407-2700

8

E-mail: jwilner@bursor.com

9

*Counsel for Plaintiff*

10

11

12

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

13

14

15

MICHELLE CLARK, individually and on behalf of all others similarly situated,

Case No.

16

Plaintiff,

**CLASS ACTION COMPLAINT**

17

v.

**JURY TRIAL DEMANDED**

18

19

DINE BRANDS GLOBAL, INC., and APPLEBEE'S RESTAURANTS, LLC,

20

Defendants.

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

Plaintiff Michelle Clark ("Plaintiff" or "Ms. Clark") brings this class action complaint on behalf of herself and all other persons similarly situated against Defendants Dine Brands Global, Inc., and Applebee's Restaurants, LLC (collectively, "Defendants" or "Applebee's"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to allegations specifically pertaining to herself and her counsel, which are based on personal knowledge.

## NATURE OF THE ACTION

1.      This is a class action suit brought against Defendants on behalf of all California residents who have placed an order through Defendants' website, applebees.com, (the "Website") or the Applebee's mobile application (the "App"), both of which Defendants own and operate.

2.      Applebee's is one of the most well-known names in the American casual dining industry.

3.      Since the brand was founded in Georgia over 40 years ago, the chain restaurant has grown to over 1,650 locations in 14 different countries and territories.[1]

4.      Like many establishments today, Applebee's customers can either dine in-restaurant, order items for pickup, or have items delivered directly to them.[2]  Orders can be placed online either through the Website or the App,[3] a downloadable mobile application.

5.      These modern service options provide big business to Applebee's, a brand that generates over $4.7 billion dollars in annual sales.[4]  By 2023, "off-premise" orders through delivery or pickup accounted for 25.6 percent of total sales for the company.[5]

---

[1] *About Us*, APPLEBEE'S, https://franchise.applebees.com/en/about-us (last visited May 30, 2024).

[2] *Order Delivery*, APPLEBEE'S, https://www.applebees.com/en/delivery (last visited May 30, 2024).

[3] As used herein, the Applebee's App refers to all forms of Applebee's electronic ordering software, including, but not limited to, the mobile app and web-based ordering system. Based on information and belief, these formats all use identical technology to manage customer orders and complete payment.

[4] *Domestic Franchising*, APPLEBEE'S, https://www.applebees.com/en/opportunities/domestic (last visited May 31, 2024).

[5] Andy Smith, *Dine Brands Needed to Overhaul Off-Premise. This is How They Did It*, RESTAURANTSPACES (Jan. 24, 2023), https://info.restaurantspacesevent.com/blog/dine-brands-needed-to-overhaul-its-off-premise-operations.-this-is-how-they-did-it.

6.      However, customers placing delivery orders have been paying an undeserved premium.  Every time a customer places a delivery order on the Applebee's Website or App, the customer is charged a carefully concealed 11 percent "Service Fee," **separate from the delivery charge and applicable taxes**.

7.      As a result of this automatic hidden fee, customers ordering delivery pay a uniformly higher price for Applebee's food than what is advertised on the menu.

8.      Applebee's misconduct has caused Plaintiff and putative Class Members to suffer damages, including economic damages.  Accordingly, Plaintiff brings this suit to halt Defendants' unfair and deceptive trade practices.

9.      Plaintiff seeks relief in this action individually, and on behalf of all California residents who placed an order through Defendants' website or App for violations of California's Consumers Legal Remedies Act (the "CLRA"), Cal. Civ. Code §§ 1750, *et seq*., California's False Advertising Law (the "FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq*., California's Unfair Competition Law (the "UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq*., fraudulent misrepresentation, and unjust enrichment/quasi-contract.

**PARTIES**

10.      Plaintiff Michelle Clark is, and has been at all relevant times, a citizen of California residing in San Leandro, California.

11.      Ms. Clark has ordered delivery from the Applebee's Website and Applebee's App on multiple occasions, most recently in December 2023.

12.      When placing her delivery orders, Ms. Clark was unaware that she was paying an 11 percent Service Fee separate from the expected delivery fee and required taxes.

13.      When Ms. Clark became aware of the additional fee, she found no explanation or description of the charge.

14.      Had Ms. Clark been made aware of the Service Fee prior to ordering, she would not have purchased a delivery order from Defendants.

15.     Defendant Dine Brands Global, Inc. is a Delaware corporation with its principal place of business at 10 West Walnut Street, 5th Floor Pasadena, CA 91103.  Defendant Dine Brands Global, Inc. owns, operates, and franchises the restaurant brand Applebee's.[6]

16.     Defendant Applebee's Restaurants, LLC is a Delaware limited liability company with its principal place of business at 450 North Brand Boulevard Glendale, CA 91203.  Defendant Applebee's Restaurants, LLC is a wholly owned subsidiary of Defendant Dine Brands Global, Inc.

## JURISDICTION AND VENUE

17.     This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A), as amended by the Class Action Fairness Act of 2005 ("CAFA"), because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, there are 100 members of the putative class, and Plaintiff, as well as most members of the proposed class, are citizens of different states than Defendants.

18.     This Court has personal jurisdiction over Defendants.  *First*, Defendants have substantial aggregate contacts within both California and this District.  There are over 100 Applebee's franchises in California. Each Defendant's principal place of business is in California. *Second*, Defendants engaged in behavior that had a direct, substantial, foreseeable, and intended effect of causing injury to Californians.  *Third*, Defendants, in the regular course of business, conduct sales within the forum and enjoy the privileges and protections of California law. Defendants have therefore purposefully availed themselves of the laws of the State of California.

19.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District, Defendants transact business in this District, Defendants have availed themselves of the laws and markets within this District, and Plaintiff resides in this District.

## FACTUAL BACKGROUND

20.     The Applebee's Website and App both allow customers to view the menu, customize their order, and take notice of the retail price of each item.  When making a purchase

---

[6] *Our Brands*, DINE BRANDS, https://www.dinebrands.com/en/brands (last visited June 4, 2024).

through either the Applebee's Website or App, customers select their preferred restaurant location and the order is automatically transferred to that location for preparation.

21.     Unbeknownst to consumers, any time a delivery order is placed directly from Applebee's, both on the Website or through the App, consumers are charged a uniform 11 percent Service Fee.

22.     This Service Fee is not reflected in the prices listed when consumers browse menu items on the Website or App.  Nor is the Service Fee conspicuously disclosed to customers at any time during the checkout process.

23.     Applebee's designs, maintains, operates, and otherwise owns the Applebee's Website and App, and all their integrated software and other intellectual property.  Individual franchise owners are unable to make changes to the design or functionality of the Website or App.

24.     When first placing a delivery order, customers are shown the following: (1) the menu price of each individual food item the consumer has added to their order, and (2) the combined subtotal of the order (displayed in red box titled "Checkout").  An example of this screen is reproduced below in Figure 1:

**Figure 1:**



25.     On the final page prior to payment when placing an online delivery order, customers are shown a cost breakdown of their charges.  This breakdown only appears on the last page of the order flow.  An example of this screen is reproduced below in Figure 2:

**Figure 2:**



26.     A small line of text described as "Service Fee" appears with a host of other charges, such as the subtotal, the tip, the delivery fees, and taxes.

27.     There is a miniscule icon beside the Service Fee line of text, which only reveals a description box explaining the Service Fee when engaged with by the user of the Website or App.

28.     Further, the description box still does not explain the nature of the Service Fee, or what "services" the Service Fee is intended to cover.  Consumers are left unaware exactly what the additional charge is for.

29.     Due to the strategic placement of the Service Fee alongside other expected delivery costs, combined with the small size of the text and icon, and the fact that the Service Fee only appears at the very last stage of the checkout process, the charge is unlikely to be discovered or understood by reasonable consumers.

30.     Moreover, because the Service Fee is 11 percent of the sum of the subtotal and taxes, reasonable consumers are unlikely to notice the order total as being so abnormally high that it warrants an investigation into the charge.

31.     Once a customer's delivery order is placed, Applebee's becomes even less transparent.  Once consumers have clicked to submit their orders, fees are no longer shown

1   itemized.  Instead, all fees are grouped as a singular fee called a "Custom Fee."  This intentionally

2   hides the existence of the Service Fee from consumers, by lumping it together with delivery

3   charges and delivery surcharges.  An example of this screen is reproduced below in Figure 3:

4   **Figure 3:**



19   32.    Because the Service Fee disappears once an order is completed, reasonable

20   consumers are unaware they were ever charged the fee at all.

21   33.    Although Applebee's operates on a franchise model, Defendants still maintained

22   authority and control over franchise locations at all relevant times, including their business

23   operations and pricing schemes.  Furthermore, Defendants maintain all control over the design of

24   the Applebee's Website and App.  At all times relevant to this action, Defendants approved,

25   endorsed, required, aided, or otherwise encouraged franchisees to charge the Service Fee, as

26   evidenced by its design of the Applebee's Website and App which it requires all franchisees to use.

34.     Defendants had numerous feasible alternatives for designing an interface that would adequately disclose and explain the Service Fee to consumers, yet intentionally chose to employ a design which hid or obscured Defendants' pricing, thereby confusing or otherwise deceiving reasonable consumers as to the nature and amount of additional fees being charged and the actual retail price of the products.

35.     Plaintiff and Class Members reasonably relied on Defendants' posted retail prices in making their purchase decisions, unaware that the price of the products was uniformly higher than the advertised price due to the automatic 11 percent Service Fee imposed at the end of the checkout process.

36.     Based on information and belief, Defendants add this surcharge to help cover increasing costs of operations, instead of raising the prices on their menu.  By utilizing the deceptive Service Fee, consumers are deceived into thinking their purchase will cost less at the time they order it.

37.     In the face of increased competition, Applebee's knows that raising its prices could result in the loss of sales.  Thus, Applebee's has incentive to hide additional costs to give the illusion to consumers that its prices have remained constant.

38.     Although Defendants are in the best and exclusive position to know why and how the above described deceptive practices were implemented, Plaintiff satisfies the requirements of Rule 9(b) by alleging the following facts with particularity:

39.     **WHO:** Defendants Dine Brands Global, Inc., and Applebee's Restaurants, LLC.

40.     **WHAT:** Defendant's conduct here was, and continues to be, fraudulent because it omitted and concealed the true price of Applebee's menu items by adding on a Service Fee at the very end of the checkout process on the Website and the App.  Thus, Defendants' conduct deceived Plaintiff and the members of the Classes into believing that they were paying less for Applebee's menu items than they truly were.  Defendants knew or reasonably should have known that this information is material to reasonable consumers, including Plaintiff and members of the Classes, when they make their purchasing decisions, yet they continued to charge the Service Fee on delivery orders and conceal the existence of the fee when customers review past orders.

41.    **WHEN:** Defendants improperly charged the Service Fee on delivery orders on the Website and App at all times during the Class Period.

42.    **WHERE:** Defendants charged the illegal and improper Service Fee on all delivery orders on the Website and App in California and throughout the United States.

43.    **HOW:** Defendants intentionally concealed the true price of Applebee's menu items by failing to disclose the Service Fee before the final checkout screen and concealing the existence of the Service Fee when customers review past orders.

44.    **WHY IT IS FALSE:** Reasonable consumers expect the price of the menu items on the Website and App to be the price they actually pay for those menu items.  Adding an 11% cost increase to every delivery order is misleading, deceptive, and allows Applebee's to raise its menu prices while taking the choice to order food at a fairer price from somewhere else away from consumers.

45.    **Injury:** Plaintiff and the members of the Classes paid more than they expected to pay or indeed would have paid had they known the cost of the menu items they ordered was actually 11% higher than advertised. As such, Plaintiff and Class Members suffered financial injury.

## CLASS ALLEGATIONS

46.    Plaintiff brings this matter on behalf of herself and all similarly situated in the following class (the "Nationwide class"):

> All natural persons who placed a delivery order from the Applebee's Website or App during the relevant statute of limitations period.

47.    Plaintiff also brings this matter on behalf of herself and all similarly situated in the following class (the "California Subclass") (collectively, the "Classes"):

> All natural persons in California who placed a delivery order from the Applebee's Website or App during the relevant statute of limitations period.

48.    Excluded from the Classes are: (1) any Judge or Magistrate presiding over this action and any members of their families; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents has a controlling

interest and their current or former employees, officers, and directors; and (3) Plaintiff's counsel and Defendants' counsel.

49.     Plaintiff reserves the right to expand, limit, modify, or amend the class definitions, including the addition of one or more Subclasses, in connection with their motion for class certification, or at any other time, based on *inter alia*, changing circumstances and new facts obtained.

50.     **Numerosity (Fed. R. Civ. P. 23(a)(1))**:  At this time, Plaintiff does not know the exact number of members of the Class.  However, given the popularity of Defendants' website and mobile application, the number of persons within the Class is believed to be so numerous that joinder of all members is impractical.

51.     **Commonality and Predominance (Fed. R. Civ. P. 23(a)(2), 23(b)(3))**:  There is a well-defined community of interest in the questions of law and fact involved in this case. Questions of law and fact common to the members of the Class that predominate over questions that may affect individual members of the Class include:

(a)     whether Defendants created, designed, reviewed, and/or approved the design of the Applebee's Website and App;

(b)     whether Defendants adequately disclosed their policy of charging a higher price for transactions made using the Applebee's Website or App;

(c)     whether Defendants uniformly charged a Service Fee on all electronic transactions;

(d)     whether the Service Fee would deceive a reasonable consumer;

(e)     whether Defendants' violations of the law were committed knowingly and/or intentionally;

(f)     whether Plaintiff and Class Members suffered legally cognizable damages as a result of Defendants' misconduct;

(g)     whether Plaintiff and Class Members are entitled to damages, treble damages, civil penalties, punitive damages, and/or injunctive relief.

52. **Typicality (Fed. R. Civ. P. 23(a)(3))**:  Plaintiff's claims are typical of those of the Classes because Plaintiff, like all members of the Classes, placed a delivery order from Applebee's and was charged with the 11 percent Service Fee.

53. **Adequacy (Fed. R. Civ. P. 23(a)(4))**: Plaintiff has retained and is represented by qualified and competent counsel who are highly experienced in complex consumer class action litigation, including litigation concerning the CLRA.  Plaintiff and her counsel are committed to vigorously prosecuting this class action.  Moreover, Plaintiff is able to fairly and adequately represent and protect the interests of the Class.  Neither Plaintiff nor her counsel have any interest adverse to, or in conflict with, the interests of the absent members of the Class.  Plaintiff has raised viable statutory claims of the type reasonably expected to be raised by members of the Classes and will vigorously pursue those claims.  If necessary, Plaintiff may seek leave of this Court to amend this Class Action Complaint to include additional representatives to represent the Classes, additional claims as may be appropriate, or to amend the definition of the Classes to address any steps that Defendant took.

54. **Superiority (Fed. R. Civ. P. 23(b)(3))**:  A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all members of the Classes is impracticable.  Even if every member of the Classes could afford to pursue individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues.  By contrast, the maintenance of this action as a class action, with respect to some or all of the issues presented herein, presents few management difficulties, conserves the resources of the parties and of the court system and protects the rights of each member of the Classes.  Plaintiff anticipates no difficulty in the management of this action as a class action.

**CAUSES OF ACTION**

**COUNT I**
**Violation of the California Consumers Legal Remedies Act**
**("CLRA"), Cal. Civ. Code §§ 1750, *et seq.***

55.     Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein and brings this count individually and on behalf of the members of the Nationwide Class and California Subclass.

56.     The conduct described herein took place in the State of California and constitutes unfair methods of competition or deceptive acts or practices in violation of the Consumers Legal Remedies Act (the "CLRA"), Cal. Civ. Code §§ 1750, *et seq*.

57.     The CLRA applies to all claims of Class Members because the conduct which constitutes violations of the CLRA by Defendants occurred within California.

58.     Plaintiff and Class Members are "consumers" as defined by Cal. Civ. Code § 1761(d).

59.     Defendants' food products qualify as "goods" defined by Cal. Civ. Code § 1761(a).

60.     Plaintiff's and Class Members' purchases of Defendants' goods are "transactions" as defined by Cal. Civ. Code § 1761(e).

61.     As set forth below, the CLRA deems the following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which does result in the sale or lease of goods or services to any consumer as unlawful.

(a)     "Advertising goods or services with intent not to sell them as advertised." Cal. Civ. Code § 1770(a)(9); and

(b)     "Advertising that a product is being offered at a specific price plus a specific percentage of that price unless (A) the total price is set forth in the advertisement, which may include, but is not limited to, shelf tags, displays, and media advertising, in a size larger than any other price in that advertisement, and (B) the specific price plus a specific percentage of that price represents a markup from the seller's costs or from the wholesale price of the product." Cal. Civ. Code § 1770(a)(20).

62.     Defendants engaged in unfair competition or unfair or deceptive acts or practices in violation of §§ 1770(a)(9) and (a)(20) when they represented, through their advertising and other express representations, the price of the food products with intent not to sell them at the advertised price and without the legally required disclosures.

63.     As detailed in the body of this Complaint, Defendants have repeatedly engaged in conduct deemed a violation of the CLRA and have made representations regarding the price of the food products which are false due to the uniform imposition of the Service Fee described herein. Defendants concealed the true price of the food products from Plaintiff and Class Members.

64.     No reasonable consumer would expect the Service Fee charged by Defendants to be an unlawful fee in addition to lawful state and local sales tax.

65.     Defendants' misrepresentations were material to Plaintiff's and Class Members' decision to purchase the products with an electronic form of payment.

66.     Defendants willfully employed a scheme designed to conceal their additional Service Fee, and did so willfully, wantonly, and with reckless disregard for the truth.

67.     As a result of Defendants' omissions and misrepresentations, Plaintiff and Class Members purchased and paid for products that did not conform to Defendants' advertised prices, and they were deprived of the benefit of their bargain and spent money on products that they would not have purchased, or would have purchased on different terms, had they known the true facts regarding the Service Fee.

68.     These business practices are misleading and/or likely to mislead consumers and should be enjoined.

69.     Pursuant to Cal. Civ. Code § 1782, Plaintiff notified Defendants Dine Brands Global, Inc. and Applebee's Restaurants, LLC in writing by certified mail sent on April 10, 2024 of their violations of § 1770 described above. Plaintiff's letter demanded that Defendants correct the problems associated with the actions detailed above and give notice to all affected consumers of Defendant's intent to do so. Defendants have failed to take any corrective action.

70.     In accordance with Cal. Civ. Code § 1780(a), Plaintiff and Class Members seek injunctive and equitable relief for Defendants' violations of the CLRA, including an injunction to enjoin Defendants from continuing their deceptive sales practices.

71.     Pursuant to Cal. Civ. Code § 1780(a)(1)–(5) and § 1780(e), Plaintiff seeks an order enjoining Defendants from the unlawful practices described above, a declaration that Defendants' conduct violates the Consumer Legal Remedies Act, money damages, reasonable attorneys' fees and litigation costs, and any other relief the Court deems proper under the CLRA.

**<u>COUNT II</u>**
**Violation of the California False Advertising Law ("FAL")**
**California Business and Professions Code §§ 17500, et seq.**

72.     Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein and brings this claim individually and on behalf of the proposed Nationwide Class and California Subclass.

73.     The conduct described herein took place within the State of California and constitutes deceptive or false advertising in violation of Cal. Bus. & Prof. Code § 17500.

74.     Plaintiff and Defendants are "person[s]" as defined by California Business and Professions Code § 17506.

75.     The FAL provides that:
"[i]t is unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services" to disseminate any statement "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

76.     At all times relevant, Defendants' advertising and the listing of prices for items on their menus was false, misleading, and likely to deceive the reasonable consumer and the public by representing that menu items cost a certain amount, when each item actually cost 11 percent more than advertised.

77.     Defendants engaged in the false and/or misleading advertising and marketing alleged herein with the intent to directly or indirectly mislead consumers as to the cost of their purchases.

78.     At the time of its misrepresentations, Defendants were aware that all consumers would be charged the Service Fee.  Defendants concealed and omitted and failed to disclose this information to Plaintiff and Class Members.

79.     In making and publicly disseminating the statements and/or omissions alleged herein, Defendants knew or should have known that the statements and/or omissions were false or misleading, and therefore violated Cal. Bus. & Prof. Code §§ 17500 *et seq.*

80.     Plaintiff has standing to pursue claims under the FAL as they reviewed and relied on Defendant's advertising, representations, and marketing materials regarding Defendants' products, including those contained within the Applebee's App, when selecting and purchasing the products.

81.     Plaintiff and Class Members have suffered injury in fact and have lost money and/or property as a result of Defendants' false advertising as set forth herein.  Plaintiff and Class Members have been injured because they paid 11 percent more money to Defendants than was advertised on their menu, and Defendants benefitted from their overpayment.

82.     Defendants' false and misleading advertising present a continuing threat to consumers, as Defendants continue to add the Service Fee.  This will continue to mislead consumers as to the real price of food and beverages in Applebee's stores.

83.     As a direct and proximate result of Defendants' actions, as set forth herein, Defendants have received ill-gotten gains and/or profits, including but not limited to money from Plaintiff and Class Members who paid an undisclosed Service Fee for the products, increasing the advertised price of the products by 11 percent.

84.     Plaintiff and Class Members seek injunctive relief, restitution, and disgorgement of any monies wrongfully acquired or retained by Defendants and by means of their deceptive or misleading representations, including monies already obtained from Plaintiff and Class Members as provided for by the Cal. Bus. & Prof. Code § 17500.

**COUNT III**
**Violations of the California Unfair Competition Law**
**("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq*.**

85.     Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein and brings this claim individually and on behalf of the proposed Nationwide Class and California Subclass.

86.     Defendants are "person[s]" as defined by Cal. Bus. & Prof. Code § 17201.

87.     Unfair competition is defined by Cal. Bus. & Prof. Code § 17200 as encompassing several types of business "wrongs," four of which are at issue here: (1) an "unlawful" business act or practice; (2) an "unfair" business act or practice; (3) a "fraudulent" business act or practice; and (4) "unfair, deceptive, untrue or misleading advertising." The definitions of § 17200 are drafted in the disjunctive, meaning each of these "wrongs" operate independently from the others.

88.     Because Defendants have violated Cal. Bus. & Prof. Code §§ 17500 *et seq*., Defendants have violated California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq*., which provides a cause of action for an **"unlawful" business act or practice** perpetrated on members of the California public.

89.     Defendants had other reasonably available alternatives to further their legitimate business interest, other than the conduct described herein, such as raising their menu prices.

90.     Plaintiff and Class Members reserve the right to allege other violations of law, which constitute other unlawful business practices or acts, as such conduct is ongoing and continues to this date.

91.     Defendants' actions and representation constitute an "unfair" business act or practice under Cal. Bus. & Prof. Code § 17200 in that Defendants' conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.

92.     Without limitation, it is an **unfair business act or practice** for Defendants to knowingly or negligently represent to the consuming public that its menu prices are nearly 11 percent lower than what the consumer will be charged.

93.     Such conduct by Defendants is "unfair" because it offends established public policy and/or is immoral, unethical, oppressive, unscrupulous and/or substantially injurious to consumers in that consumers are led to believe Defendants' prices are lower than they actually are once the Service Fee is added to the consumer's bill.

94.     Defendants had other reasonably available alternatives to further their legitimate business interest, other than the conduct described herein, such as raising their menu prices.

95.     Plaintiff and Class Members could not have reasonably avoided the injury suffered by each of them.

96.     Defendants' claims and misleading statements were false and/or likely to deceive the consuming public within the meaning Cal. Bus. & Prof. Code §§ 17200 *et seq*.  Defendants engaged in **fraudulent acts and business practices** by knowingly or negligently representing to Plaintiff and other similarly situated consumers, whether by conduct, orally, or in writing by intentionally advertising their menu prices to be 11 percent less than what Defendants intended to charge the consumer.

97.     Defendants knowingly and fraudulently concealed the Service Fee among lawful taxes and fees to prevent Plaintiff and Class Members from discovering that the prices of Applebee's menu items were uniformly higher than advertised.  It was unlikely, if not impossible, that Plaintiff and Class Members who purchased Defendants' products would discover the imposition of the Service Fee prior to their purchase.  Thus, Plaintiff and Class Members could not have reasonably avoided the harm they suffered.

98.     Plaintiff and Class Members who purchased Applebee's products suffered an injury by virtue of buying products for which Defendants misrepresented the actual price and/or omitted the true nature of the additional Service Fee they charged to consumers in conjunction with their orders from Applebee's.

99.     The gravity of the harm suffered by Plaintiff and Class Members who purchased the deceptively priced Applebee's products outweighs any legitimate justification, motive or reason for charging the hidden Service Fee.  Accordingly, Defendants' actions are immoral, unethical, unscrupulous and offend the established public policies as set out in federal regulations and are substantially injurious to Plaintiff and Class Members.

100.    As a result of Defendants' unlawful, unfair and fraudulent acts and practices, Plaintiff, on behalf of themselves and all others similarly situated, and as appropriate, on behalf of the general public, seek injunctive relief prohibiting Defendants from continuing these wrongful practices, and such other equitable relief, including full restitution of all improper revenues and ill-gotten profits derived from Defendants' wrong conduct to the fullest extent permitted by law.

<u>COUNT IV</u>
**Fraudulent Misrepresentation**

101.    Plaintiff repeats the allegations contained in the paragraphs above as if fully set forth herein and brings this claim individually and on behalf of the proposed Nationwide Class and California Subclass.

102.    At all relevant times, Defendants represented that they charged the posted retail price for their products.

103.    Defendants knew that this representation was false due to their uniform imposition of a 11 percent Service Fee in addition to the retail price.

104.    At all times relevant, Defendants designed and otherwise controlled the Applebee's App, including how the Service Fee was communicated to consumers.

105.    Although Defendants could have clearly disclosed the Service Fee, they knowingly concealed this fee among other lawful taxes to prevent consumers from discovering the true price of their products.

106.    Defendants intentionally concealed and/or failed to disclose material facts for the purpose of inducing Plaintiff and Class Members to act thereon.

107.    Plaintiff and Class Members justifiably acted or relied upon the concealed and/or nondisclosed facts to their detriment, as evidenced by their purchase from the Website or App.

108.    Plaintiff and Class Members were damaged as a result of Defendants'
misrepresentations by paying a uniformly higher price than they reasonably expected to pay based
on Defendants' misrepresentations.

109.    Plaintiff and Class Members are entitled to all relief the Court deems proper as a
result of Defendants' actions described herein.

<u>COUNT V</u>
**Unjust Enrichment/Quasi-Contract**

110.    Plaintiff repeats the allegations contained in the paragraphs above as if fully set
forth herein and brings this claim individually and on behalf of the proposed Nationwide Class and
California Subclass.

111.    Defendants' unfair and unlawful contact includes, among other things, false and
misleading representations and omissions of material facts, as set forth in this Complaint.
Defendants' acts and business practices offend the established public policy of California, as there
is no societal benefit from false advertising, only harm.  While Plaintiff and Class Members were
harmed at the time of purchase, Defendants were unjustly enriched by their misrepresentations and
omissions.

112.    Plaintiff and Class Members were harmed when purchasing Defendants' products as
a result of Defendants' material representations and omissions regarding their price, as described in
this Complaint.  Plaintiff and each Class Member purchased Defendants' products at a higher price
than advertised on Defendants' menu and other marketing and advertising statements.  Plaintiff and
Class Members have suffered injury in fact and lost money as a result of paying the higher price
they paid for the products as a result of Defendants' unlawful, unfair, and fraudulent business
practices.

113.    Defendants' conduct allows Defendants to knowingly realize substantial revenues
from selling Applebee's menu items at inflated prices at the expense of, and to the detriment of,
Plaintiff and Class Members, and to Defendants' benefit and enrichment.  Defendants' retention of
these benefits violates fundamental principles of justice, equity, and good conscience.

114.    Plaintiff and Class Members confer significant financial benefits and pay substantial compensation to Defendants for its food products, which are not actually priced as Defendants represent.

115.    Under common law principles of unjust enrichment and quasi-contract, it is inequitable for Defendants to retain the benefits conferred by Plaintiff's and Class Members' overpayments.

116.    Plaintiff and Class Members seek disgorgement of all profits resulting from such overpayments and the establishment of a constructive trust from which Plaintiff and Class Members may seek restitution.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks a judgment against Defendant, individually and on behalf of all others similarly situated, as follows:

(a)    For an order certifying the Classes under Rule 23 of the Federal Rules of Civil Procedure, naming Plaintiff as representative of the Classes, and naming Plaintiff's attorneys as Class Counsel to represent the Classes;

(b)    For an order declaring that Defendants' conduct violates the statutes referenced herein;

(c)    For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

(d)    An award of statutory damages to the extent available;

(e)    For punitive damages, as warranted, in an amount to be determined at trial;

(f)    For prejudgment interest on all amounts awarded;

(g)    For injunctive relief as pleaded or as the Court may deem proper; and

(h)    For an order awarding Plaintiff and the Classes their reasonable attorneys' fees and expenses and costs of suit.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury on all claims so triable.

1    Dated:  August 1, 2024                    **BURSOR & FISHER, P.A**.

2                                              By:    */s/ Sarah N. Westcot*
3                                                      Sarah N. Westcot

4                                              Sarah N. Westcot (State Bar No. 264916)
                                               701 Brickell Avenue, Suite 2100
5                                              Miami, FL 33131
                                               Telephone: (305) 330-5512
6                                              Facsimile:  (305) 676-9006
                                               E-mail: swestcot@bursor.com

7                                              **BURSOR & FISHER, P.A.**
8                                              Joshua R. Wilner (State Bar No. 353949)
                                               1990 North California Blvd., 9th Floor
9                                              Walnut Creek, CA 94596
                                               Telephone: (925) 300-4455
10                                             Facsimile: (925) 407-2700
                                               E-mail: jwilner@bursor.com

11                                             *Counsel for Plaintiff*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28